*Montgomery, for appellee.*

---

## LEE C. SMITH v. NOAH SMITH'S HEIRS.

**Mortgage—Wrongful Control—Responsibility for Negligence Causing Loss.**

Appellant obtained control of the mortgage by the assertion of an unfounded claim against the estate of his father and is, therefore, responsible for the loss of the debt by reason of not instituting a suit to collect it, in the lifetime of the mortgagor.

### APPEAL FROM BOURBON CIRCUIT COURT.

April 4, 1872.

OPINION BY JUDGE LINDSAY:

Appellant was never entitled to the possession or control to the mortgage executed by Abraham Wirth to Peter Smith and others. He obtained control of such mortgage by reason of the assertion of an unfounded claim against the estate of his deceased father, and consequently held it all the while in his own wrong. Whether he was or not bound as assignee to use legal diligence in the collection of the debt evidenced by the mortgage, we do not deem it necessary to determine. Holding it as he did without right, he cannot be heard to say that the appellants lost nothing by reason of his negligence. He delayed suit from the 14th of October, 1864, until September, 1868. The life estate of the mortgagor in the lands embraced in the mortgage did not terminate until August, 1868, nearly four years after the assignment to him. It cannot now be determined what amount might have been realized had this life estate been subjected to sale by a prompt and energetic institution of a suit for the foreclosure of this mortgage. Appellant, who occupied no better position than that of a mere intermeddler, was re-

sponsible for the delay, and he has no right now to complain that the loss falls upon him. Seeking as he does to escape responsibility, the onus is upon him to show that appellees did nothing by reason of his interference with the administrator. It is his misfortune that each fact can not now be shown. It is no ground of reversal that the judgment should have been in favor of the administrator instead of the appellees.

The administrator is a party to this action and is not complaining on that account. This judgment is a bar to any subsequent proceeding for the recovery of the same debt by him.

Therefore such judgment is affirmed.

*Davis*, for appellant.

*Alexander & Turney, Hanson*, for appellee.